IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LINDA JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:10-CV-0051 |
| | ) | Judge Trauger |
| KOHL'S DEPARTMENT STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

Pending before the court is plaintiff Linda Jordan's Motion to Compel (Docket No. 20), to which defendant Kohl's Department Stores, Inc. has filed a response (Docket No. 21). For the reasons discussed below, the plaintiff's motion will be denied without prejudice.

## BACKGROUND

Linda Jordan is suing her previous employer, Kohl's Department Stores, Inc. ("Kohl's"), for alleged retaliation in violation of Title VII of the Civil Rights Act of 1964.[1] Jordan began working at Kohl's in 2003 as a part-time associate, but by March 2005 she had been promoted to the Loss Management Department. There, she suspected that promotions were motivated by racial considerations. After alerting Kohl's of her suspicions, Jordan filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) in August 2007, alleging that Kohl's "failed to provide her with advancements in pay and responsibility

---

[1] Unless otherwise noted, the facts are drawn from the parties' submission and the court's own review of the docket.

1

commensurate with her performance and experience, while at the same time advancing favored white associates." (Docket No. 1 at 3 ¶ 10.) The plaintiff alleges that, after she filed her EEOC charge, Kohl's retaliated against her by subjecting her to adverse employment circumstances and, ultimately, by firing her on April 1, 2008.

Jordan then filed this lawsuit, alleging that Kohl's unlawfully retaliated against her after her previous employment discrimination charge. Now, she seeks discovery of the personnel files for ten Kohl's employees or former employees. The defendant has withheld these files, however, because it argues that they are "neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence." (Docket No. 21 at 3-4.)

## ANALYSIS

The plaintiff has filed a Motion to Compel pursuant to Federal Rule of Civil Procedure 37. Rule 37(a) allows a party to file a motion to compel if the opposing party fails to produce relevant, non-privileged documents. Fed. R. Civ. P. 37(a)(3)(A).

**I.    Relevance of the Personnel Files**

Kohl's does not argue that the personnel files are privileged, so the only question for the court to determine is whether they are relevant. To establish relevance, the plaintiff must show that "the information sought 'appears reasonably calculated to lead to the discovery of admissible evidence.'" *Blackmond v. UT Med. Group, Inc.*, No. 02-2890, 2004 U.S. Dist. LEXIS 27197, at *3 (W.D. Tenn. Nov. 3, 2004) (quoting Fed. R. Civ. P. 26(b)(1)). Traditionally, the scope of discovery is "quite broad." *Stratienko v. Chattanooga-Hamilton County Hosp. Auth.*, No. 1:07-CV-258, 2008 U.S. Dist. LEXIS 73884, at *14 (E.D. Tenn. Sept. 25, 2008). However, "discovery does have 'ultimate and necessary boundaries.'" *Id.* (citing *Oppenheimer Fund, Inc.*

*v. Sanders*, 437 U.S. 340, 351 (1978)).

Because of the privacy concerns involved with personnel files, "courts generally do not order production of such files except upon a compelling showing of relevance by the requesting party." *Id.* In *Stratienko*, the court decided that, "to be compelling, the requesting party must demonstrate that the value of the information outweighs the privacy interests of the affected parties." *Id.*

Here, the plaintiff has failed to meet this burden. Jordan's brief is devoid of any arguments relating to the requested files' relevance. She explains neither who the ten employees are nor how obtaining their entire personnel files would potentially lead to evidence that would support her claim.[2] Given the privacy concerns involved with third parties' personnel files and the paucity of information provided by Jordan, the court will not grant the plaintiff's motion at this time.

## **CONCLUSION**

For the reasons discussed above, the court will deny the plaintiff's Motion to Compel without prejudice. Should Jordan make a more compelling showing that the personnel files she seeks are relevant, the court will reconsider the motion.

It is so ordered.

Entered this 28th day of July 2010.

ALETA A. TRAUGER
United States District Judge

---

[2] The court declines to review the pleadings or rely on any statements made by the plaintiff's counsel in telephone conferences to fill the void created by a motion that is insufficiently supported.